UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-40039 |
| Plaintiff, | REDACTED |
| | GOVERNMENT'S RESPONSE |
| vs. | TO DEFENDANT'S SENTENCING |
| | MEMORANDUM |
| CARL CAMPBELL, | |
| Defendant. | |

The United States of America submits this response to the Defendant's Sentencing Memorandum submitted by Carl Campbell on May 13, 2013.

**INTRODUCTION**

Many of the 58 objections filed by the defendant involve factual disputes that do not affect the advisory guideline calculations. However, the Government would like to address some of the legal issues discussed in the Defendant's Sentencing Memorandum.

1.    Applying an obstruction of justice enhancement.

Initially, the Presentence Investigation Report applied a two point enhancement for obstruction of justice to the advisory guidelines calculation related to Counts 1 and 2. Each was "grouped" separately under U.S.S.G. § 3D1.2(c), and each received the enhancement based upon the conviction for Count 4, obstruction of Sex Trafficking Enforcement. In this calculation, a separate group was not prepared for the conviction for obstruction. Instead, it was only

treated as an enhancement. Applying the enhancement to both "groups" was called for under the Guidelines, U.S.S.G. § 3D1.2(c), and has been similarly applied in other cases. *See United States v. Stella*, 591 F.3d 23, 27 (1st Cir. 2009); *United States v. Owolabi*, 69 F.3d 156, 161 (7th Cir. 1995).

On May 24, the United States Probation Office filed a Second Addendum to the Presentence Report, which groups the convictions for Counts 1 and 2 together. Either way, the obstruction of justice enhancement should be applied and the Government has no objection.

    2. <u>Relevant conduct may include uncharged conduct</u>.

In the Defendant's second and third legal issues, he claims the consideration of conduct related to an "unindicted victim" is a violation of Due Process, Double Jeopardy and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Sentencing Guidelines provide for the Court to consider "[c]onduct that is not formally charged or is not an element of the offense of conviction" in determining the applicable guideline range. U.S.S.G. § 1b1.3, *cmt. background.* Because relevant conduct provisions of the Sentencing Guidelines enhance sentences within the statutory range, the Supreme Court has ruled that "consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted." *Witte v. United States*, 115 S. Ct. 2199, 2207 (1995)(no Constitutional violations for due process, double jeopardy, or otherwise

for sentencing enhancements related to uncharged conduct). In fact, "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 117 S. Ct. 633, 635-38 (1997).

Likewise, there is no violation of *Apprendi* because it "does not apply to sentencing factors that increase a defendant's guideline range but do not increase the statutory maximum." *United States v. Evans*, 285 F.3d 664, 672 (8th Cir. 2002). The enhancement applied in the Presentence Investigation Report does not increase the statutory maximum and therefore, does not violate *Apprendi*.

The Defendant has failed to establish that consideration of his conduct as it relates to victim "J.R." by the sentencing court would violate his Constitutional rights. Therefore, his objections related to paragraphs 62 and 91-97 should be overruled.

3.      Serious bodily injury enhancement applies.

The Presentence Investigation Report provides for a serious bodily injury enhancement in paragraphs 65 and 72. The Defendant argues that it should not be applied at all, the PSR provides for a 2-point enhancement, and the Government argues for a 4-point enhancement.

The Federal Sentencing Guidelines provide the Court the ability to administer a four-level enhancement if any dangerous weapon was used or

-3-

brandished or if the victim suffered permanent or life-threatening injuries. *See* U.S.S.G. § 2A3.1(b)(1) (1997); U.S.S.G. § 1B1.1, *cmt. n. 1(D)* (defining "[d]angerous weapon" to include "an instrument capable of inflicting death or serious bodily injury"); *see* U.S.S.G. § 2A3.1(b)(4)(A); U.S.S.G § 1B1.1, *cmt. n.1(J)* (defining "[p]ermanent or life-threatening bodily injury" to include "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent.").

The facts of this case are most suitable to a four-level enhancement. The Defendant was responsible for some very violent assaults on the victim which resulted in injuries such as, visible bruises and cuts, vision issues, a fractured orbital socket, a permanent scar across the victim's nose and permanent nerve damage around the victim's nose. Each separate assault involved "a substantial risk of death" that was curtailed by some outside intervention. The permanent scar and permanent nerve damage around the victim's nose constitutes permanent bodily injury. See U.S.S.G. § 2A3.1(b)(4)(A); *United States v. Cree,* 166 F.3d 1270 (8th Cir. 1999)(upholding two four-point enhancements: one for permanent injury and one for use of a dangerous weapon). Additionally, the Defendant's use of a knife during one of the assaults constitutes a dangerous weapon that allows for a four-level enhancement. *See Cree,* 166 F.3d at 1271; *United States v. Slow Bear,* 943 F.2d 836 (8th Cir. 1991)(upholding two four-point

enhancements: one for permanent injury and one for use of a dangerous weapon(broom handle)); *United States v. Coyle,* 309 F.3d 1071 (8th Cir. 2002)(pocket knife used as a dangerous weapon).

While a four-level enhancement under U.S.S.G. §2A3.1(b)(4)(A) is supported by the evidence, in the alternative, a three-level enhancement under U.S.S.G. § 2A3.1(b)(4)(C) is also supported by the facts of this case. In *United States v. Steele,* 550 F.3d 693 (8th Cir. 2008), a three-point enhancement was upheld for serious bodily injury that involved two separate assaults on one of the victims. On one occasion, the victim received a concussion after being struck in the face, choked, and kicked while lying on the ground. *Id.* at 704. On the other occasion, the victim was beaten in the face and threatened with a knife. *Id.*

Additionally in *United States v. Waugh,* 207 F.3d 1098 (8th Cir. 2000), a three-level enhancement applied when defendant assaulted the victim by beating, hitting, choking, and kicking her. The defendant also threatened the victim with a knife and her injuries consisted of a cut lip, broken nose, numerous bruises, eyes swollen shut and tendon damage in the victim's arms, fingers, and wrists. *Waugh,* 207 F.3d at 1100-1101. The victim continued to suffer from headaches and dizzy spells. *Id.* at 1101.

When comparing the application of the enhancement in other cases, M.A.'s injuries are more serious that other cases involving only two-level enhancements. *See United States v. LeCompte,* 108 F. 3d 948 (8th Cir. 1997) (Defendant struck

victim's arm with a rock that caused a laceration needing stitches, and beat her which resulted in injuries such as bruises on her face and chin, swollen nose, and scraped knees and shins); *United States v. Hoelzer,* 183 F. 3d 880 (8th Cir. 1999) (Defendant assaulted store clerk when stealing firearms. The store clerk suffered bruises to her face, chest, and legs as a result of being hit, kicked, and stepped on). As a result, the facts and injuries of the case at hand support a four-level enhancement to be administered, or at the least, a three-level increase.

Dated this 30th day of May, 2013.

> BRENDAN V. JOHNSON
> UNITED STATES ATTORNEY
>
> Jeffrey C. Clapper
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of May, 2013, a true and correct copy of the foregoing was served upon the following person(s), by placing the same in the service indicated, addressed as follows:

Jeff Larson via ECF  and email

> Jeffrey C. Clapper
> Assistant United States Attorney